UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: HURRICANE IDA CLAIMS

CASE MANAGEMENT ORDER NO. 1

**I.      INTRODUCTION**

On August 29, 2021, Hurricane Ida struck Louisiana as a Category 4 hurricane, causing damage across this Court's jurisdiction. Since Hurricane Ida's landfall, the United States District Court for the Middle District of Louisiana has seen a significant number of cases regarding Hurricane Ida insurance coverage. The Court desires, to the greatest extent possible within the powers granted unto it, to eliminate increased difficulties to the parties involved, to bring as much of this litigation to resolution as justly and expeditiously as possible, and to allow the citizens of this District to move forward with their respective recoveries.

With these goals in mind, the Court hereby enacts this Case Management Order to set forth procedures to facilitate efficient resolution of these matters through the establishment of a streamlined settlement conference and mediation protocol (the "SSP"). The SSP will include a panel of neutrals and a program administrator (the "Program Administrator"),[1] and shall be overseen by the Magistrate Judges, with Magistrate Judge Richard L. Bourgeois, Jr., (the "Chief Administrator") presiding over the day-to-day operations of the program, including the selection of the neutrals and Program Administrator. The Program Administrator will assist with scheduling, assignment of neutrals, calendar management, and periodic reporting to the Court.

---

[1] The Program Administrator will be an employee of the Clerk's Office of the Middle District of Louisiana.

II.     **STREAMLINED SETTLEMENT PROGRAM**

a.  **First Stage: Initial Settlement Conference**

No later than 30 days following the deadline to complete expert discovery,[2] all parties shall conduct an informal settlement conference among the parties (*i.e.*, their principals), their counsel, and their respective experts/adjusters. At least 14 days before the close of expert discovery, counsel for the plaintiff(s) and counsel for the defendant(s) shall meet to confer and discuss a mutually convenient time, date, and manner for the conference. In light of the desire to resolve Hurricane Ida cases as expeditiously as possible, these settlement conferences may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or other similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for that particular settlement conference require their assistance.

b.  **Second Stage: Mediation**

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall execute the Mediation Stipulation attached hereto as Exhibit "A."

i.  *Appointment of the Panel of Neutrals*

The Court shall solicit applications for experienced and qualified mediators ("neutrals") and shall appoint a single panel of neutrals, whose names shall be on a list from which appointments shall be made in turn. The panel may be expanded if additional neutrals are needed to adequately service the caseload.

---

[2] If this deadline has already passed, then the informal conference must take place within 30 days of the date of this Order.

###### ii. Scheduling of Mediation

No later than 7 days following the deadline to file dispositive motions,[3] the parties shall contact the Program Administrator in order to schedule a settlement conference with a neutral from the Court approved list. <u>Separate instructions will be provided by the Program Administrator and/or the Chief Administrator regarding requests for assignment of an appointed neutral and scheduling of a settlement conference.</u>

If any party perceives a potential conflict associated with an assigned neutral, counsel for that party shall immediately inform opposing counsel and thereafter inform the Chief Administrator. This provision should not be read to allow neutral shopping and, should the Court determine such is taking place, the responsible party or parties may be subject to sanctions.

Mediations shall be scheduled in an expeditious manner at mutually convenient times and dates for all parties. As part of the scheduling process, the Chief Administrator, Program Administrator, or an appointed neutral for the case may set a scheduling conference or communicate their availability with counsel through other means. The goal should be to conduct mediations within 30 days of the neutral's appointment. If mediation is canceled with less than 3 days' notice by either party, the canceling party will pay a $500 fee to the assigned neutral.

###### iii. Conduct of Mediation

After the scheduling of the mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutrals shall determine, after conferring with the parties, the appropriate length of the confidential mediation statements and the permissible number of exhibits that may be attached.

---

[3] The parties may certainly request a settlement conference <u>prior</u> to this deadline.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's appointed neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but, unless otherwise directed by the appointed neutral, the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. However, a representative of the defendant shall be readily available by telephone.

To the extent agreed by the parties and the case's appointed neutral, the mediation may be conducted by phone or other electronic means, including but not limited to Zoom, Skype, or other similar platforms. As part of this streamlined mediation process, the attendees may each make opening statements at the discretion of the neutral, but there shall be no live witness testimony.

    c.  **Extensions of Time**

Deadlines established by the appointed neutrals may be extended upon joint request or for good cause. Any other deadlines specified in this order may be extended by the Chief Administrator or the assigned Magistrate Judge.

    d.  **Procedure Following Mediation**

Once the mediation is concluded, the assigned neutral shall notify the Chief Administrator or assigned Magistrate Judge, advising whether the mediation was successful and whether further discussions are necessary to resolve the case. In the case of the latter circumstance, the parties may request that the presiding Magistrate Judge assist in additional settlement discussions. At the presiding Magistrate Judge's discretion, further mediation or a settlement conference may be ordered, or the case may continue to trial according to its scheduling order.

### III. APPOINTED NEUTRALS

#### a. List of Neutrals

The Court will, in due course, solicit applications, designate, and appoint neutrals to serve on the SSP panel and will publish that list as soon as practicable thereafter.

#### b. Neutral Training

The Court may, at its discretion, undertake to provide special training to the neutrals through one or more of its Magistrate Judges or as directed by the Chief Administrator. The Court, through its Magistrate Judges, may jointly form a plaintiffs' liaison committee and a defense liaison committee. The Court may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Court may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The assigned Magistrate Judges may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

#### c. Compensation of Appointed Neutrals

The appointed neutrals under the SSP shall be compensated in the amount of $400 per hour in addition to their actual expenses, including but not limited to travel, meeting room, telephone, and electronic audio or video conference costs. Unless otherwise directed by mutual agreement of the parties or the Chief Administrator, such fees and expenses shall be paid twenty-five percent (25%) by the plaintiff(s), and seventy-five percent (75%) by the defendant(s).

    d. **Role of Appointed Neutrals**

The Program Administrator and appointed neutrals may communicate *ex parte* with the Court when deemed appropriate by the Program Administrator, at his or her discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP. The Program Administrator and appointed neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP. The Program Administrator and appointed neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

**IV.    COURT-APPOINTED UMPIRES REQUIRED UNDER CERTAIN POLICIES**

If an insurance policy concerning a claim involving Hurricane Ida provides for court appointment of a neutral or third appraiser for valuation disputes, hereinafter referred to as an umpire, any request for the appointment by this Court of an umpire shall be made by motion.

**V.    COURT SUPERVISION**

The SSP remains under the ultimate control and supervision of the Court, and this Case Management Order is subject to modification pursuant to further orders of this Court.

**VI.    SSP FEES UNRECOVERABLE**

Fees and costs paid to the appointed neutral or by the parties shall not be recoverable as taxable costs if the case continues following mediation and resolves by dispositive motion or judgment after trial.

SO ORDERED FOR THE ENTIRE COURT, this 26th day of February, 2024

*Shelly D. Dick*

Shelly D. Dick, Chief Judge

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: HURRICANE IDA CLAIMS

EXHIBIT "A"

STIPULATION FOR MEDIATION

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned parties, that:

1. The parties agree to submit their dispute to mediation pursuant to the SSP, as specified in Case Management Order No. 1 and in any relevant supplements.

2. No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and except as provided by Order of the Court it shall not be revealed by the neutral unless and until the party who provided that information agrees to its disclosure.

3. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize the terms of a settlement. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views, and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties, provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission into evidence solely because it was used in connection with this mediation process.

4. The appointed neutral and his or her agents shall have the same immunity that judges and court employees have under federal law, and the common law, from liability for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the

mediation.

5. The parties (i) shall not call or subpoena the appointed neutral as a witness or expert in any proceeding relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation, and (ii) shall not subpoena any notes, documents, or other material prepared by the appointed neutral in the course of or in connection with the mediation, and (iii) shall not offer into evidence any statements, views, or opinions of the appointed neutral.

6. The appointed neutral's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the appointed neutral represents that he or she has taken the oath prescribed by 28 U.S.C. § 453.

7. In accordance with the requirements of Case Management Order No. 1, any party to this Stipulation is required to attend at least one session and, as may be directed by the appointed neutrals and/or the Chief Administrator, as many other sessions thereafter as may be helpful in resolving this dispute.

8. An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.

Dated: _____

_____                    _____
Plaintiff                                      Defendant


_____                    _____
Attorneys for Plaintiff                        Attorneys for Defendant


Consented to: _____
          Appointed Neutral